```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)
Law Offices of Mark W. Ford, LLC
4 ½ North Broadway, PO Box 110
Gloucester City, NJ 08030
856-456-8811/856-456-8558 (Fax)
Attorney for the debtor
```

| In Re: | Case Number: | 22-12648 |
|---|---|---|
| Robert Baylock | Hearing Date: | May 3, 2022 @11:00 a.m |
| | Judge: | Jerrold N. Poslusny |
| | Chapter: | 13 |

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

## BRIEF IN SUPPORT OF MOTION TO VACATE THE SHERIFF SALE IN VIOLATION OF THE AUTOMATIC STAY

### STATEMENT OF FACTS

**I.** Kathleen Baylock Mason purchased a property more commonly known as 1446 S. 9th Street, Camden, NJ.

**II.** Debtor Robert Baylock married Kathleen Baylock Mason on or about August 26, 2006.

**III.** Ever since that time, debtor, Mr. Baylock has remained married to Kathleen Baylock Mason. Debtor has continued to reside at 1446 S. 9th Street, Camden, NJ, his permanent and principle place of residence, except for a period of time when the debtor was incarcerated, but was released and he resumed until this day to reside at the marital residence at 1446 S. 9th Street, Camden, NJ

1

**IV.** On or about April 1, 2022, debtor, Robert Baylock filed the present Chapter 13 bankruptcy. The sheriff's department and RAS Citron, the attorney for the mortgage company were promptly notified of the pending Chapter 13 bankruptcy. See Exhibit A (a copy of faxed letter of April 1, 2022). This was followed by a second faxed letter (a copy attached as Exhibit B) and a telephone conversation with the attorney from RAS Citron and they were fully aware Robert Baylock had filed a Chapter 13 bankruptcy and was claiming a marital interest in 1446 S. 9th Street, Camden, NJ and that the filing stayed the Sheriff's sale rescheduled for April 6, 2022. Despite that, the Sheriff's sale was conducted with a buy back by the mortgage company.

## LEGAL ARGUMENT

Debtor, Robert Baylock had a property interest in 1446 S. 9th Street, Camden, NJ as a marital residence pursuant to N.J.S.A. 3B:28-3(a) and (c).

N.J.S.A. 3B:28-3 provides in relevant part:

Section 3B:28-3-Right of joint possession of principal matrimonial residence where no dower or curtsy applies: alienation

   a. During life every married individual shall be entitled to join possession with his spouse of any real property which they occupy jointly as their principal matrimonial residence and to which neither dower nor curtesy applies. One who acquires an estate or interest in real property from an individual whose spouse is entitled to join possession thereof does so subject to such right of possession has been

released, extinguished or subordinated by such spouse or has been terminated by order or judgment of a court of competent jurisdiction or otherwise.

b. Nothing contained herein shall be construed to prevent the release, subordination or extinguishment of the right of joint possession by either spouse, by premarital agreement, separation agreement or other written instrument.

c. The right of joint possession shall be extinguished by the consent of both parties, by the judgment which extinguishes same, or by voluntary abandonment of the principal matrimonial residence.

It is not contested here that the married couple resided in the marital property as man and wife. The creditor failed utterly in its foreclosure action to add Robert Baylock as a named defendant or even to add the fictitious husband of Kathleen (Baylock) Mason and thus failed utterly to extinguish the property interest of Robert Baylock.

The debtors interest in the home is property of the bankruptcy estate.

See In Re Patricia Porterfield, Case No 17-0890(KS) at 7-8.

See id. At 8-9, In Re Rosa, 261 B.R. 136, 139, (Bankr. D.N.J. 2001)

## CONCLUSION

Robert Baylock interest in the marital residence is property of the bankruptcy estate and the sale violated the automatic stay. The Sheriff sale must be voided as a matter of law. In addition, attorneys fees and costs should be awarded against them for proceeding despite being adequately warned of the violation.

DATED: April 11, 2022

                                  Respectfully submitted,

                                  /s/ Mark W. Ford, Esquire