| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>Authorized Agent for Secured Creditor<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone: 973-575-0707<br>Facsimile: 973-404-8886<br><br>Laura Egerman, Esq. (LE-8250) | |
| In Re:<br><br>**ROBERT L. BAYLOCK, SR.,**<br><br>　　　**Debtor.** | Case No.:　22-12648-JNP<br><br>Chapter:　11<br><br>Hearing Date:　May 17, 2022<br><br>Judge:　Jerrold N. Poslusny, Jr. |

## OPPOSITION TO DEBTOR'S MOTION TO VACATE SHERIFF'S SALE FOR VIOLATION OF THE AUTOMATIC STAY

The undersigned, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for counsel to NEWREZ, LLC DBA SHELLPOINT MORTGAGE SERVICING ("Secured Creditor") hereby filed its Response to Debtor's Motion to Vacate Sheriff's Sale for Violation of the Automatic Stay (the "Motion") (Docket #14), and in support thereof states as follows:

1. Debtor Robert L. Baylock, Sr. (hereinafter "Debtor") filed the instant Chapter 13 Petition on April 1, 2022 (the "Petition Date").

2. Kathleen Mason (hereinafter "Mason") is the owner of certain real property located at 1446 South 9th Street, Camden, New Jersey 08104 (the "Property").

3. On December 5, 2005, Mason executed and delivered a Note in the principal amount of $64,490.00 (hereinafter the "Note") to Secured Creditor's predecessor.

4. Repayment of the Note was secured by a Purchase Money Mortgage on the Property recorded in the Office of the Clerk/Recorder of Deeds for Camden County, New Jersey on January 23, 2006 in Book 8087, Page 894. The Note and Mortgage are collectively referred to as the "Loan Documents".

5. Debtor is not a borrower under the Loan Documents, and did not sign the Loan Documents.

6. On May 7, 2008, based on the failure to make timely payments since, a foreclosure action was filed in Camden County as Docket F-017770-08 (the "Foreclosure Action"). At the time the Foreclosure Action was filed, the Mortgage was due for the December 1, 2007 and all subsequent payments.

7. Final Judgment (the "Foreclosure Judgment") was entered in the Foreclosure Action on August 31, 2009 in the amount of $65,378.18, plus interest and taxed costs.

8. With intent to delay the Sheriff's Sale of the Property, Mason filed four (4) Chapter 13 Petitions. The first three (3) cases were filed using the caption *In re. Kathleen L. Mason f/k/a Kathleen N. Baylock f/k/a Kathleen L. Langston* - Case 10-15950-GMB, filed March 2, 2010 and dismissed March 2, 2015; Case 15-20464-JNP, filed June 3, 2015 and dismissed September 7, 2016; and Case 17-12176-JNP, filed February 3, 2017, dismissed June 5, 2019. Mason filed her fourth Chapter 13 Petition on July 16, 2019 as *In re. Kathleen L. Baylock f/k/a Kathleen L. Mason f/k/a Kathleen L. Langston* as Case 19-23780-JNP; this fourth case was dismissed April 20, 2022.

9. None of Mason's filings have referenced Debtor or his alleged interest in the Property.

10. Likewise, title searches run during the foreclosure and up to the date of the Sheriff's Sale did not reveal Debtor or any potential interest he might have in the Property.

11. The Sheriff's Sale of the Property occurred on April 6, 2022.

12. Debtor now asserts that he holds an equitable interest in the Property pursuant to N.J.S.A. 3B:28-3, and that the Sheriff's Sale should be vacated.

13. However, there is nothing in the Motion to support this assertion other than the Certification of Debtor's counsel, Mr. Ford. There is no Certification of the Debtor, and there are no documents supporting any of the allegations therein.

14. To vacate the Sheriff's Sale at this time would unfairly burden Secured Creditor, whose rights to enforce the Loan Documents have been delayed for over a decade due to multiple failed bankruptcy filings while giving credence to the Debtor's unsubstantiated allegations.

15. Based on the foregoing, Secured Creditor avers that Debtor has failed to prove that he has any interest in the Property, equitable or otherwise, and requests that the Motion be denied.

WHEREFORE, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny Debtor's Motion, and for such other relief as the Court may deem just and proper.

Dated: May 2, 2022

**Robertson, Anschutz, Schneid, Crane & Partners,,PLLC**
Authorized Agent for Secured Creditor
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone: 973-575-0707
Facsimile: 973-404-8886

/s/ Laura Egerman
Laura Egerman, Esq.
Bar ID: LE-8250
Email: legerman@raslg.com